UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FRANK ALLEN WILLIAMS,<br><br>                    Petitioner,<br><br>        vs.<br><br>DARIN YOUNG, WARDEN; AND<br>MARTY JACKLEY, ATTORNEY<br>GENERAL OF THE STATE OF SOUTH<br>DAKOTA;<br><br>                    Respondents. | 4:15-CV-04094-LLP<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on petitioner Frank Allen Williams' *pro se* habeas petition pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  Mr. Williams was convicted in South Dakota state court and he collaterally attacks the validity of that conviction.  Id.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier.

Because it appeared upon initial review that Mr. Williams' petition may be time-barred, the court issued an order to show cause to both Mr. Williams and respondents instructing them to address the issue of whether Mr. Williams' petition should be dismissed for failure to comply with the statute of limitations.  See Docket No. 4.  Both parties responded.  See Docket Nos. 5, 6, & 7.

## FACTS

Mr. Williams was convicted of first degree manslaughter on April 30, 2007, and sentenced on July 3, 2007, to 50 years' imprisonment.[1]  See Docket No. 1 at p. 2.  He did not pursue a direct appeal, but on March 15, 2011, he filed a petition seeking habeas relief in state court on the grounds, *inter alia*, that his counsel was ineffective for not consulting with him as to his right to appeal.  See Appendix Document 1, and Docket No. 1-1.  Mr. Williams was represented by counsel in this first habeas proceeding.  See Appendix Document 1.  Mr. Williams succeeded in obtaining habeas relief on this ground on August 1, 2012.  See Appendix Document 2.  He was resentenced on November 16, 2012 (judgment filed December 12, 2012).  See Appendix Document 3.

Then, on January 11, 2013, he pursued a direct appeal to the South Dakota Supreme Court from his second sentencing.  That court affirmed his conviction and sentence on September 3, 2013.  See Docket No. 1-1 at p. 9.  Thereafter, Mr. Williams had 90 days to petition the United States Supreme Court for a writ of certiorari.  He did not do this, however.

---

[1] Respondent spends six and one-half pages of his 10-page brief spelling out the facts of Mr. Williams' criminal history and the facts of his underlying crime, apparently in an untoward attempt to convince the court that Mr. Williams "was no stranger to pathological violence."  See Docket No. 6 at pp. 2-7.  The court views this as not only completely irrelevant to the statute of limitations question the court specifically asked the parties to address, but borderline improper.   The court is not swayed by prejudicial facts not pertinent to the question at hand.

On September 12, 2013, his lawyer from the Minnehaha County Public Defender's Office wrote to him to inform him of the Supreme Court's decision. <u>See</u> Docket No. 5-2.  In that letter, the lawyer advised Mr. Williams he may wish to consider pursuing a writ of habeas corpus.  <u>Id.</u>  The lawyer advised Mr. Williams he had two years within which to file that petition.  <u>Id.</u>  <u>See also</u> SDCL 21-27-3.1.

Mr. Williams apparently contacted the Minnehaha County Public Advocate's Office about 10 months later and inquired about filing a habeas petition because that office wrote to Mr. Williams on July 8, 2014.  <u>See</u> Docket No. 5-3.  In that July 8, 2014, letter, the Advocate's Office included a fill-in-the-blank form for filing a habeas petition in South Dakota state court.  <u>Id.</u>

On July 24, 2014, Mr. Williams filed his second state habeas petition. <u>See</u> Appendix Document 4.[2]  Mr. Williams' claims in his second state petition rehashed many of the claims that Mr. Williams had already presented in his first state habeas petition and on which he had already been granted relief.  <u>Id.</u> For example, Mr. Williams alleged his first lawyer failed to advise him of his right to appeal.  <u>Id.</u>  This is, of course, the ground upon which the state court *granted* habeas relief on Mr. Williams' first state habeas petition.  <u>See</u> Docket No. 1-1 at p. 11.

On January 2, 2015, the state circuit court denied relief on Mr. Williams' second state habeas petition on the grounds of *res judicata* because the

---

[2] Mr. Williams provided a partial copy of this document at the court's Docket No. 5-4.  The complete version of the document is at Appendix Document 4, filed herewith.

grounds for relief asserted by Mr. Williams were either already litigated in his first state habeas petition, or they could have been raised in that first petition and were not.[3]  See Docket No. 1-1 at pp. 11-13.

While that second state petition was pending, Mr. Williams wrote the Advocate's Office inquiring about filing a writ of habeas corpus.  That office wrote to Mr. Williams on December 5, 2014, informing him he had no more avenues for relief available in state court.  See Docket No. 6-4.  The attorney told Mr. Williams he could explore the possibility of filing a federal habeas petition, but that the federal courts "have very strict time limits on when a habeas can be filed."  Id.  The lawyer went on to tell Mr. Williams he may already be outside the limits for filing a federal petition.  Id.

On December 15, 2014, the Advocate's Office wrote Mr. Williams again, in response to another letter he had sent.  See Docket No. 6-5.  The lawyer predicted that a second state habeas would not be successful because Mr. Williams could not show claims or grounds that would comply with South Dakota state law governing the filing of second or successive petitions.  Id.  The lawyer stated that "the only remaining avenue" for Mr. Williams would be to file a habeas petition in federal court.  Id.  The lawyer again cautioned Mr. Williams that the federal statute of limitations was strictly enforced and that he may have already missed the federal deadline.  Id.

_____

[3] The date of the state court's opinion was December 30, 2014, but the opinion was not filed until January 2, 2015.  Therefore, the operative date is the date of filing.  See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (usually, a pleading is "filed" only when received by the clerk of court for inclusion into the official record).

4

On March 17, 2015, a lawyer from the Minnehaha County Public Defender's Office wrote to Mr. Williams in response to a letter he had sent asking a question about a writ of habeas corpus and when his appeal was filed and decided.  See Docket No. 6-6.  In that letter, the lawyer explained that his notice of appeal (on his second sentencing) was filed January 11, 2013.  Id.  The lawyer explained that, pursuant to SDCL § 21-27-3.3, Mr. Williams' habeas petition would be timely if filed on January 2, 2015.  Id.  The lawyer enclosed with his letter copies of statutes pertaining to federal habeas and gave Mr. Williams the name, address, and telephone number of a lawyer at the Federal Public Defender's Office in Sioux Falls, South Dakota, that Mr. Williams could contact with questions about filing federal habeas.[4]  Id.

On June 11, 2015, the Minnehaha Public Defender's Office wrote another letter to Mr. Williams in response to his request for a copy of the September 12, 2013 correspondence.  See Docket No. 5-8.  In that letter, the lawyer explained to Mr. Williams that he had, indeed, advised him of the two-year statute of limitations applicable to state habeas petitions under SDCL § 21-27-3.1.  Id.  The lawyer also reiterated the advice he gave Mr. Williams in his March 17, 2015, letter concerning filing a federal habeas petition.  Id.  The lawyer indicated that there were no other letters or communications between himself and Mr. Williams on the topic of federal or state habeas actions.  Id.

---

[4] The statutes enclosed with the letter were not provided by Mr. Williams and the letter itself does not identify which specific statutes were enclosed.

Mr. Williams filed his federal petition for habeas relief herein on May 15, 2015.[5]  Respondents now seek to have Mr. Williams' petition dismissed with prejudice on the grounds that he failed to comply with the federal statute of limitations for habeas actions.  See Docket Nos. 6 & 7.  Mr. Williams tacitly admits that his federal petition was untimely, but urges the court to excuse his untimeliness because his lawyer improperly advised him that he had two years, not one, to file his federal habeas petition in this court.  See Docket No. 5.

## DISCUSSION

### A.    AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one year statute of limitations applicable to § 2254 petitions.   Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)      (1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

[5] Mr. Williams' petition was actually filed with this court on May 22, 2015.  See Docket No. 1.  Usually, a pleading is "filed" only when received by the clerk of court for inclusion into the official record.  Artuz, 531 U.S. at 8.  However, "for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). This is the "prison mailbox rule."  To invoke the rule, a petitioner must file an affidavit or notarized statement that shows the date on which he delivered his pleading to prison authorities.  Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).  Mr. Williams' petition includes a statement under penalty of perjury that he placed his petition into the prison mail system on May 15, 2015.  See Docket No. 1 at p. 16.  May 15, 2015 is, therefore, the operative date.

>    **(A)** the date on which the judgment became final by
>    the conclusion of direct review or the expiration of the
>    time for seeking such review;
>    **(B)** the date on which the impediment to filing an
>    application created by State action in violation the
>    Constitution or laws of the United States is removed, if
>    the applicant  was prevented from filing by such State
>    action;
>    **(C)** the date on which the constitutional right asserted
>    was initially recognized by the Supreme Court, if the
>    right has been newly recognized by the Supreme Court
>    and made retroactively applicable to cases on
>    collateral review;
>    **(D)** the date on which the factual predicate of the claim
>    or claims presented could have been discovered
>    through the exercise of due diligence.
>
>    **(2)**     The time during which a properly filed application for
>    State post-conviction or other collateral review with respect to the
>    pertinent judgment or claim is pending shall not be counted
>    toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).  Subsection (d)(1), above, is sometimes

called the "trigger" provision of AEDPA, because it determines when the initial

running of the statute of limitations is "triggered."  Subsection (d)(2) above, is

referred to as the "tolling" or "statutory tolling" provision of AEDPA, because it

determines when the running of the statute of limitations is tolled or

suspended.

A judgment or state conviction is final, for purposes of commencing the

statute of limitation period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of

certiorari proceedings before the United States Supreme Court; or (2) if

certiorari was not sought, then by the conclusion of all direct criminal appeals

in the state system followed by the expiration of the time allotted for filing a

petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

Mr. Williams' conviction after his second sentencing became final 90 days after September 3, 2013, which was December 3, 2013. The federal statute of limitations, therefore, began to run on December 4, 2013. Absent any statutory tolling, Mr. Williams would have been required to file his petition in this court by December 4, 2014. He in fact filed his petition with this court on May 15, 2015, over five months after the December 4, 2014 date. The court must therefore examine whether statutory tolling took place between December 4, 2013, and May 15, 2015, and, if so, how many days were tolled.

**B.     Statutory Tolling**

The statute of limitations for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year limitation period is tolled, or does not include, the time during which a "properly filed" application for state post-conviction relief or other collateral review "is pending" in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

When Mr. Williams filed his second state habeas petition on July 24, 2014, this tolled the running of the statute of limitations.[6]  By July 24, 2014, 233 days had elapsed on his federal statute of limitations (the period from the time the limitations period began running on December 4, 2013 until July 24, 2014).

The decision denying him relief on his second state habeas was filed on January 2, 2015.  Under state law, Mr. Williams had 20 days to seek a certificate of probable cause from the South Dakota Supreme Court following that decision.  See SDCL § 21-27-18.1.  Mr. Williams did not, however, seek this further, available review.  Whether this 20-day appeal period tolls the federal statute of limitations is crucial in Mr. Williams' case.  If Mr. Williams gets the benefit of tolling for this 20-day period, only 346 days would have elapsed before he filed his federal habeas petition, which would render the petition timely.  However, if the statute was running for these 20 days, his petition would be untimely because 367 days would have elapsed before he filed in federal court:

---

[6] Usually, a pleading is "filed" only when received by the clerk of court for inclusion into the official record.  Artuz, 531 U.S. at 8; United States v. Lombardo, 241 U.S. 73, 76 (1916); Hannon v. Weber, 2001 S.D. 146, ¶¶ 4-8, 638 N.W.2d 48, 49-50.  Mr. Williams' petition is file-stamped as having been received by the clerk's office on January 2, 2015.  See Docket No. 6-1 at p.3.  However, this date is *after* the circuit court denied relief on the petition on December 30, 2014.  Compare Docket No. 6-1 with Docket No. 1-1 at p.13.  Obviously, then, the circuit court received Mr. Williams' petition some time *prior to* December 30, 2014, not on January 2, 2015.  The court gives Mr. Williams the benefit of the July date on his petition.

| CALCULATION OF DAYS ELAPSED IF TOLLING FOR APPEAL PERIOD APPLIES | NO. OF DAYS | CALCULATION OF DAYS ELAPSED IF TOLLING FOR APPEAL PERIOD IS NOT APPLICABLE | NO. OF DAYS |
|---|---|---|---|
| December 4, 2013 to July 24, 2014 | 233 | December 4, 2013 to July 24, 2014 | 233 |
| January 22, 2015 (tolling 20 days after January 2 opinion) to May 15, 2015 | 114 | January 2, 2015 to May 15, 2015 (no tolling for appeal period) | 134 |
| | | | |
| **TOTAL TIME ELAPSED** | 347 | **TOTAL TIME ELAPSED** | 367 |

This case squarely raises the following question then:  does a petitioner who does not seek appellate review of a trial court decision denying habeas relief get the benefit for tolling purposes of the period during which he could have, but did not, seek appellate review?

In Carey v. Saffold, 536 U.S. 214, 216-17 (2002), the Supreme Court considered whether to count--or to toll--the time period between the trial court's denial of habeas relief on Saffold's state court habeas petition and his next pleading filed in the state procedural process for pursuing higher-court review.  In California's statutory habeas scheme, when the trial court denies habeas relief, instead of appealing, the petitioner files a new original state habeas petition in the appellate court.  Id.  Instead of requiring the subsequent, new habeas petition to be filed within a specified time, however, California's scheme required only that subsequent petitions be filed within a "reasonable" time after denial of relief at the prior level.  Id. at 221.  Five days elapsed between Saffold's denial of habeas relief in the trial court and his filing of his

next original petition with the state intermediate appellate court; then four and one-half months elapsed between the decision of the intermediate court and Saffold's filing of his new petition with the state supreme court.  <u>Id.</u> at 217-18.

The <u>Saffold</u> Court held that this period of time was tolled under § 2244(d)(2) *if* Saffold's subsequent petitions with the California appellate courts were timely because Saffold's complete habeas tour through the state court system, from lowest to highest court, could be said to be "pending," "in continuance," or "not yet decided" during this time.  <u>Id.</u> at 219-21, 225. Because California used a "reasonableness" standard instead of a fixed time frame for appeals, the Court remanded for a determination of whether Saffold's subsequent filing of habeas petitions before state appeals courts were timely under the California "reasonableness" standard.  <u>Id.</u> at 225-27.

The Eighth Circuit applied <u>Saffold</u> in <u>Williams v. Bruton</u>, 299 F.3d 981 (8th Cir. 2002).  In that case, Williams petitioned the Minnesota state trial court for habeas relief, which that court denied.  <u>Id.</u> at 982.  Under state law, Williams had 60 days to appeal the trial court's denial of habeas relief, although Williams did not pursue such an appeal.  <u>Id.</u> at 982-83.  The Eighth Circuit held that the AEDPA statute of limitations was tolled for that 60-day period, even though Williams never in fact filed such an appeal.  <u>Id.</u> at 983-84. This holding seems to be at odds with the Court's holding in <u>Saffold</u>.  <u>Saffold</u> did not hold that the time period for appealing *always* acted to toll the AEDPA limitations period.  Rather, it held that the appeal time was tolled *if* the petitioner *timely* appealed under state rules.  <u>Saffold</u>, 536 U.S. at 225-27.

12

Three years later, in Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005), the Supreme Court held that a state petition for postconviction relief which the state court rejected as untimely did not serve to toll the AEDPA statute of limitations under § 2244(d)(2).

Next, the Supreme Court decided Evans v. Chavis, 546 U.S. 189, 195 (2006), which again answered an AEDPA limitations tolling question against the backdrop of the California state habeas scheme.  Chavis filed a state habeas petition before the trial court, which denied relief, and before the state intermediate appellate court, which also denied relief.  Id.  He then waited over three years before filing his next habeas petition before the state supreme court.  Id.  The state supreme court denied the petition in a single sentence without indicating the grounds for denial of relief.  Id.  The Ninth Circuit held that because the state supreme court did not expressly deny habeas relief on timeliness grounds, Chavis' state habeas matter was timely and, hence, was "pending" for this entire period, thus rendering his federal habeas petition timely under AEDPA.  Id. at 196-97.

The Evans Court reiterated the rule from Saffold:  "If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit."  Id. at 192.  The Supreme Court then reversed the Ninth Circuit, holding that the federal court itself must determine whether Chavis' three-year delay was timely under California law—independent of what the state courts did.  Id. at 200-01.  The Court held that Chavis' three-year delay was not timely as a

13

matter of law and, consequently, that Chavis could not pursue federal habeas relief. Id.

The Supreme Court again interpreted the tolling provision of AEDPA in Lawrence v. Florida, 549 U.S. 327 (2007). In that case, the petitioner filed a habeas application in state court one day before the AEDPA limitations period was to expire. Id. at 330. The state trial court denied relief and the state supreme court affirmed. Id. The petitioner then timely filed a petition for a writ of certiorari before the United States Supreme Court. Id. While that petition for certiorari was pending, the petitioner filed a federal habeas petition in federal district court 113 days after the decision by the state supreme court denying habeas relief. Id. The question before the Supreme Court was whether a habeas petitioner gets the benefit of tolling under subsection (d)(2) while a petition for certiorari to the Supreme Court is pending, or whether tolling stops upon the issuance of a decision by the last state court to consider the application for habeas relief. Id. at 331.

The Court examined the language of the trigger provision in § 2244(d)(1), and noted Congress explicitly provided the AEDPA statute of limitations did not begin to run until the end of direct review *or* "the time for seeking such [direct] review." Id. at 333. By contrast, the tolling provision at § 2244(d)(2) "makes no reference to the 'time for seeking' review of a state postconviction court's judgment." Id. at 333-34. Instead, noted the Court, the tolling provision seeks only to know when an application for habeas relief is "pending." Id. at 334. "The linguistic difference is not insignificant: When the state courts have

14

issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari." Id. The Court found Congress' intent clear—"to provide tolling for certiorari petitions on direct review but not for certiorari petitions following state postconviction review." Id.

The Eighth Circuit applied Saffold again in 2009, three years after the Evans decision and two years after Lawrence, but without mentioning or discussing either Evans or Lawrence. See Streu v. Dormire, 557 F.3d 960, 965-68 (8th Cir. 2009). Streu had filed a motion in state court to reopen his state habeas proceedings. Id. at 962. The state trial court denied the motion and Streu had a set period of time within which to appeal. Id. He did not pursue an appeal during that set time, but six months later he filed a request to file an appeal out of time. Id. The state court granted that request. Id. The Eighth Circuit, citing Williams, held that Streu's AEDPA limitations period was tolled from the date that the trial court denied his motion to reopen until his appeal period expired, even though he never filed a timely appeal during the allowed period. Id. at 966.

This is contrary to both Safford and Evans because there was no *timely* appeal filed by Streu. See Evans, 546 U.S. at 197 (stating "only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court.") (emphasis in original). However, the Eighth Circuit pointed out that the whole purpose of the AEDPA limitations period is based on comity for state court

15

decisions.  Id. at 964.  The Streu decision, then, might be understood in part based on the rationale that, if the state courts ultimately excused Streu's untimely appeal (which they did), then federal courts should do so too.  Streu, 557 F.3d at 964.

The Lawrence decision did not escape the notice of the Second Circuit, which decided the 30 days during which a petitioner could have moved for reconsideration (but did not do so) in state court of a denial of leave to appeal on a post-conviction challenge did not toll AEDPA's limitations period.  See Saunders v. Senkowski, 587 F.3d 543, 547-48 (2d Cir. 2009).  The court reiterated the Lawrence Court's rationale based on the important difference in language between subsection (d)(1) and subsection (d)(2) of § 2244.  Id. at 548-49.  Subsection (d)(1) deals with triggering AEDPA's statute of limitations following direct review.  Id.  That subsection specifies that the statute of limitations does not begin to run until the conclusion of direct review *"or the expiration of the time for seeking such review."* Id. at 549.  Thus, as to direct review, the language of the applicable AEDPA provision itself has built into it tolling for periods of appeal, even if the defendant does not appeal.  Id.

Subsection (d)(2) applies to tolling for post-conviction relief.  Id.  Unlike subsection (d)(1), it does not make any reference to tolling during time periods available for appeal but not utilized.  Id.  Instead, subsection (d)(2) tolls only for periods where a "properly filed" application for post-conviction or other collateral review is "pending."  Id.  The Second Circuit reasoned that if the petitioner never filed a motion for reconsideration, that motion could not be

16

"properly filed" as required by subsection (d)(2).  Id.  Therefore, the court held that the AEDPA statute of limitations was not tolled during the period the petitioner could have filed a motion for reconsideration, but did not so file.  Id.

The Sixth Circuit came to the same conclusion in Scarber v. Palmer, 808 F.3d 1093 (6th Cir. 2015).  Contrasting the language of subsection (d)(1) concerning when the statute of limitations begins to run, with the language of subsection (d)(2) concerning tolling, the court stated "Congress was less forgiving when it came to tolling during collateral review, requiring a 'properly filed application' to be 'pending' before the state court."  Id. at 1095-96. Because Scarber could have but did not seek appellate review, his application for post-conviction relief ceased to be "pending" the day after the state trial court denied relief, not after the time for seeking further review expired.  Id. at 1096.  The court stated that the "AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not," seek further review of his application for postconviction relief.  Id.

The Sixth Circuit acknowledged that it had, in earlier opinions, reached the opposite conclusion.  Id.  However, it noted those prior rulings did not have the benefit of the Supreme Court's opinions in Saffold, Evans, and Lawrence. Id.  Although the three Supreme Court opinions did not deal with a petitioner who failed to file an appeal at all, the Sixth Circuit held the clear implication of the three cases was this:  If " 'a state prisoner c[annot] toll the statute of limitations at will simply by filing untimely state postconviction petitions,' . . . he cannot do so by sitting on his hands" and filing no appeal at all.  Id.

(quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413 (2005)).  Subsection (d)(2) places the burden on a petitioner to "preserve the 'pending' status of review [of his postconviction application] by appealing."  <u>Id.</u>  The Sixth Circuit specifically distinguished <u>Williams</u> and <u>Streu</u> as wrong decisions because they did not take into account the Supreme Court decisions in <u>Saffold</u>, <u>Evans</u>, and <u>Lawrence</u>.  <u>Id.</u> at 1097 (distinguishing contrary decisions of sister circuits as cases that predate <u>Pace</u>, <u>Saffold</u>, <u>Evans</u> and <u>Lawrence</u>, or that rely on earlier circuit cases that predated the Supreme Court cases).

The Eleventh Circuit has held, post-<u>Evans</u>, that the time to appeal from the denial of post-conviction relief tolls AEDPA's limitations period even if the petitioner does not file an appeal.  <u>Cramer v. Sec. Dept. of Corrections</u>, 461 F.3d 1380, 1383 (11th Cir. 2006).  However, this decision was issued prior to the Supreme Court's decision in <u>Lawrence</u>, which stressed the linguistic difference between the language of § 2244(d)(1) (the triggering provision) and subsection (d)(2) (the tolling provision). The Eleventh Circuit reasoned that " 'pending' refers to the continuation of the process, or the time until the process is completed."  <u>Id.</u>  "The process is not complete until there is no other avenue the prisoner could pursue.  Thus, the claim remains pending until the time to seek review expires."  <u>Id.</u>  The Sixth Circuit specifically distinguished the <u>Cramer</u> decision in <u>Scarber</u>.  <u>See Scarber</u>, 808 F.3d at 1097.

The <u>Saffold</u> Court defined "pending" with reference to the dictionary: "in continuance" or "not yet decided" or "through the period of continuance . . . of" or "until the completion of."  <u>Saffold</u>, 536 U.S. at 219.  Here, Mr. Williams'

18

application for post-conviction relief in state court ceased to be "not yet decided" when the state circuit court issued its January 2, 2014, decision denying relief.  There was nothing "undecided" about Williams' application at this point.

This court is bound by the Eighth Circuit precedent of <u>Williams</u> and <u>Streu</u>, but it is likewise bound by the Supreme Court precedent in <u>Saffold</u>, <u>Evans</u>, and <u>Lawrence</u>.  This court, like the Sixth and Second Circuits, concludes that <u>Williams</u> and <u>Streu</u> are distinguishable because they do not take into account the Supreme Court's opinions in <u>Evans</u> and <u>Lawrence</u>.  Like the Sixth and Second Circuits, this court also concludes that the clear implication of <u>Saffold</u>, <u>Evans</u>, and <u>Lawrence</u> is that a petitioner who fails to appeal a denial of postconviction relief in state court is not entitled to tolling under § 2244(d)(2) for the time period he could have, but did not, appeal.

This result makes sense in the framework of the law pertaining to exhaustion of state remedies and procedural default under AEDPA.  Assuming this court applied <u>Williams</u> and gave Mr. Williams the benefit of the 20-day period during which he could have, but did not, seek a certificate of probable cause from the South Dakota Supreme Court, the court would almost certainly *not* be permitted to reach the merits of his petition in any event.  That is because the rule of exhaustion requires that Mr. Williams first present his habeas claims in state court and allow *a complete round of appellate review* of those claims before moving on to federal court.  <u>See</u> 28 U.S.C. § 2254(b) and (c); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

19

Here, Mr. Williams, by failing to petition the South Dakota Supreme Court for a certificate of probable cause following the trial court's January 2, 2015, denial of habeas relief, failed to permit appellate review of his habeas claims in state court. The result is that he has both failed to exhaust state remedies and he has procedurally defaulted.

If further review is still available to Mr. Williams in state court, this court would be permitted to dismiss his federal petition without prejudice to allow him to exhaust. See 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 522 (1982); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). However, if there is no nonfutile avenue of relief available to him in state court to finish exhausting, then his federal petition would be dismissed with prejudice based on the procedural default doctrine.[7] Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted).

Here, the 20-day period when Mr. Williams could have sought further review before the South Dakota Supreme Court has expired. See SDCL § 21-27-18.1. Furthermore, the South Dakota Supreme Court strictly enforces the 20-day time limit, so there is no nonfutile avenue currently available to Mr. Williams which would allow him to finish exhausting his state remedies. Hannon v. Weber, 2001 S.D. 146, ¶ 8, 638 N.W.2d 48, 50. He has, then, procedurally defaulted. The likely upshot of this conclusion is this court is

---

[7] Absent narrow exceptions for cause and prejudice and fundamental miscarriage of justice.

barred from considering the merits of his petition and must dismiss with prejudice.  Ruiz, 71 F.3d 1409.

That is the same result which obtains from a statute of limitations dismissal under Saffold, Evans, and Lawrence—dismissal with prejudice.  It makes no sense that Congress would have set up a statutory scheme vis-à-vis AEDPA's statute of limitations which allowed a petitioner to reach federal court without exhausting state remedies (because no appeal was pursued); such a result would simply require an immediate dismissal—with or without prejudice—for failing to exhaust or for procedural default.  It is not logical that Congress would have intended such a result.  The court concludes that Mr. Williams' federal petition is time-barred.

## C.    Equitable Tolling

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court addressed equitable tolling under AEDPA in a death penalty case.  The Court held for the first time, in accord with all the lower circuit courts of appeal, that the statute of limitations under AEDPA could be equitably tolled.  Id. at 645.  In so holding, the Court noted that the statute of limitations was not jurisdictional. Id.  The Court stated that nonjurisdictional federal statutes of limitations are normally subject to a "rebuttable presumption" in *favor* of equitable tolling.  Id. at 645-46.  The Court held this rebuttable presumption was especially appropriate in the context of habeas petitions as the granting of habeas relief is governed by equitable principles.  Id.

21

Having established that equitable tolling was available, the <u>Holland</u>
Court went on to explain when that doctrine could be invoked.  <u>Id.</u> at 649-52.
A habeas petitioner may invoke the doctrine of equitable tolling "only if he
shows '(1) that he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way' and prevented timely filing."  <u>Id.</u>
at 649 (quoting <u>Pace</u>, 544 U.S. at 418).  The Court emphasized the need for
flexible rules governing the application of equitable tolling, but also noted " 'a
garden variety claim of excusable neglect' such as a simple 'miscalculation'
that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."
<u>Id.</u> at 651-52 (citations omitted).

In the <u>Holland</u> case, the lawyer was not only unaware of the AEDPA
deadline and missed it, but the petitioner also repeatedly asked the lawyer to
timely file the § 2254 petition and wrote letters to the lawyer drawing his
attention to the applicable legal rules.  <u>Id.</u> at 636-40.  In addition, the lawyer
failed to timely notify the petitioner of actions in his state case, including when
the appellate court of last resort issued its decision, concluding review of
petitioner's application for postconviction relief.  <u>Id.</u>  The petitioner assiduously
attempted to keep himself informed by writing to the state court and the state
clerk of courts, asking them for information about his case.  <u>Id.</u>  After learning
in the prison law library—five weeks later—that the state supreme court had
already decided his appeal, the petitioner filed his § 2254 petition the very
same day.  <u>Id.</u>  Under these facts, the <u>Holland</u> Court held that equitable tolling
was not foreclosed as a matter of law and remanded for the Eleventh Circuit to

apply the principles to the case and determine if the petitioner's claim was timely. Id. at 653-54. The court held the diligence required of a habeas petitioner is "reasonable diligence," not "maximum feasible diligence." Id. at 653.

In King v. Hobbs, 666 F.3d 1132, 1134 (8th Cir. 2012), King had been convicted and had pursued a direct appeal to Arkansas' intermediate appellate court, but did not pursue an appeal to the Arkansas Supreme Court. Thereafter, King filed an application for postconviction relief in Arkansas state court. Id. The trial court denied relief, and King appealed to the Arkansas Supreme Court. Id. That court concluded King's appeal could not be successful and dismissed the appeal on November 13, 2008, without allowing King to file an appellate brief. Id.

Prior to April 8, 2008, the Eighth Circuit held that the AEDPA statute of limitations for prisoners who had pursued a direct appeal to a state court's intermediate appellate court, but not to the state's court of last resort, nonetheless did not begin to run for the 90 days allotted for filing a petition for certiorari in the United States Supreme Court. Id. at 1135 (discussing Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc), overruled by Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008) (en banc)). In other words, even though a prisoner did not pursue a direct appeal to his or her state's court of last resort, the prisoner still got the benefit of 90 extra days before his or her AEDPA statute of limitations began to run. King, 666 F.3d at 1135.

That existing Eighth Circuit rule changed on April 8, 2008, when the court held that if the United States Supreme Court would not have been able to review an intermediate decision of a state appellate court—i.e. if a petition for certiorari would not lie for an intermediate appellate court decision—then the habeas petitioner did not get to count the 90-day cushion for petitioning for certiorari.  Id. (discussing Riddle, 523 F.3d at 855).  King argued the old law should apply to his federal habeas petition and he should get the benefit of the 90-day period when calculating when his AEDPA limitations period began running.  Id. at 1135-36.  The Eighth Circuit noted the change in Eighth Circuit law took place over seven months *before* King's state habeas petition was finally denied—thus giving him time to take the new rule into account.  Id. at 1136.  He waited for one full year after his state habeas petition was finally denied before filing his federal habeas.  Id. at 1134, 1136.  King's federal habeas petition was deemed untimely.  Id. at 1136.

He then argued for equitable tolling of the AEDPA statute based on the change in Eight Circuit law.  Id.  The Eighth Circuit refused to equitably toll the statute because King had not been diligent in pursuing his rights:  the change in the law came while his state habeas petition was still pending in state court and King did not file his federal habeas petition for one year after that petition ceased to be pending, over 19 months after the change in law.  Id. at 1136-37.  Delaying for this length of time was not "diligent."  Id. at 1137.

A prisoner's detention in a special housing unit (SHU) in prison was not considered an extraordinary circumstance where the detention was only for five

months of the one-year AEDPA period and the prisoner had access to pen and paper in the SHU, even though he had no access to the law library. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013).

In Lawrence, the petitioner argued he should be accorded equitable tolling because his counsel made a mistake in calculating the AEDPA limitations period.  Lawrence, 549 U.S. at 336.  The Court rejected this argument, stating "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."  Id. at 336-37.  Lawrence was decided before Holland, but there are post-Holland cases which come to the same conclusion.

In Rues v. Denney, 643 F.3d 618, 621-22 (8th Cir. 2011), the Eighth Circuit rejected an argument that the habeas petitioner's attorney had miscalculated the AEDPA deadline, characterizing the attorney's mistake as one of "garden variety" neglect under Holland that did not constitute an "extraordinary circumstance" warranting equitable tolling.

Similarly, in Muhammad, the petitioner alleged his lawyer promised him she would file his habeas petition for him.  Muhammad, 735 F.3d at 815. Because the petitioner made relatively few attempts to discern whether his lawyer was carrying out her promise, the court found the circumstances did "not come close to approaching those in Holland."  Id. at 816.  Muhammad's attorney did not lie to him, did not affirmatively misrepresent deadlines for

25

filing, and did not withhold paperwork from him that would be needed to prepare the habeas petition.  Id.

Here, the circumstances Mr. Williams asserts for tolling are that his lawyer mistakenly told him he had a two-year deadline for filing his federal habeas petition instead of one-year.  In addition, Mr. Williams asserts he is imprisoned in a Minnesota prison where he has access only to Minnesota state law and federal law.

First, the court notes that reading the letter Mr. Williams received from his lawyer referencing the two-year statute of limitations, it is obvious the lawyer is referring to the South Dakota state statute of limitations for state habeas actions.  See Docket No. 5-2.  Two years is the correct period for limitations for habeas actions under South Dakota state law.  See SDCL § 21-27-3.1.  Therefore, the lawyer did not misinform Mr. Williams of the law. Even if the lawyer did make a mistake in telling Mr. Williams what the AEDPA statute of limitations was, this is "garden variety" neglect which does not amount to extraordinary circumstances sufficient to trigger equitable tolling. Lawrence, 549 U.S. at 336-37; Muhammad, 735 F.3d at 816; Rues, 643 F.3d at 621-22.

Second, Mr. Williams did not act with reasonable diligence.  He was advised to consider filing a habeas petition in state court on September 12, 2013.  He waited almost a year, not filing that petition until July 24, 2014, all the while the AEDPA statute of limitations was running.  Then, he was repeatedly informed of the very strict nature of the AEDPA statute of limitations

26

on December 5 and 15, 2014, and again on March 17, 2015.  See Docket Nos. 6-4, 6-5, and 6-6.  The last of these letters contained copies of federal statutes relating to habeas and contact information for the Federal Public Defender's Office.  See Docket No. 6-6.  Mr. Williams did not file his federal habeas petition with this court until May 15, 2015.  See Docket No. 1 and footnote 5, *supra.*

Thus, even if his attorney's letter could be interpreted to have misinformed Mr. Williams that the AEDPA limitations period was two years, not one year, the effect of that misinformation was corrected by at least three letters that came later and that urged Mr. Williams to act immediately.  He did not act immediately.  Instead, from the last letter received on March 17, 2015, he waited over two additional months before filing.  He waited over five months from receipt of the first letter sounding the alarm about the very strict nature of the AEDPA limitations period.  This is not reasonable diligence under the case law.  King, 666 F.3d at 1136-37.  Cf. Muhammad, 735 F.3d at 815 (obstacle which prevented filing for five months not extraordinary as petitioner did not explain why he could not have filed his habeas petition in the remaining seven months).  The facts of Mr. Williams' case are a far cry from the petitioner in Holland who filed the very same day he found out that the state supreme court had already decided his case five months previous.

Finally, Mr. Williams alleges the law library in his Minnesota prison has no South Dakota state law in its law library.  The alleged deficiency in a prison law library is insufficient to toll the AEDPA statute of limitations.  See Kreutzer

v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (stating that equitable tolling was not justified in the case of an unrepresented prisoner who alleged a lack of legal knowledge or legal resources).  In any event, Mr. Williams admits he has access to federal law in his Minnesota prison.  See Docket No. 5 at p. 3.  Federal law is exactly the law he would need to have access to in order to know about AEDPA and its limitations period.  In addition, a lawyer provided him with copies of federal habeas statutes on March 17, 2015, though which statutes were provided it is not known—Mr. Williams does not enlighten the court on this point.  This allegation as to the insufficiency of the prison law library is also not sufficient to apply equitable tolling.

The court concludes that Mr. Williams has not articulated any ground which would entitle him to equitable tolling of the AEDPA statute of limitations.  He has not satisfied the two-prong test of demonstrating reasonable diligence and an extraordinary circumstance outside his control.  Therefore, the limitations period is not tolled, aside from the statutory tolling which occurred pursuant to § 2244(d)(2).  Mr. Williams' petition remains untimely.

### CONCLUSION

Based on the foregoing law, facts, and analysis, the court recommends that petitioner Frank Allen Williams' habeas petition pursuant to 28 U.S.C. § 2254 [Docket No. 1] be dismissed with prejudice for the reason that it was not timely filed.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and
Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1),
unless an extension of time for good cause is obtained.  Failure to file timely
objections will result in the waiver of the right to appeal questions of fact.
Objections must be timely and specific in order to require de novo review by the
District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>,
781 F.2d 665 (8th Cir. 1986).

DATED February 12, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

29