UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
SEP 29 2016
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FRANK ALLEN WILLIAMS, | CIV 15-4094 |
| Petitioner, | |
| vs. | ORDER |
| DARIN YOUNG, Warden; and MARTY JACKLEY, Attorney General of the State of South Dakota, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Frank Allen Williams, an inmate at Oak Park Heights Minnesota Correction Facility, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge Duffy issued a Report and Recommendation recommending that the Petition be dismissed with prejudice for the reason that it was not timely filed. Petitioner Williams objects to the Report and Recommendation from Magistrate Judge Duffy and asks that there be equitable tolling in his case thus allowing his Petition to go forward.

### WHICH PRECEDENT TO FOLLOW

To begin with, the Report and Recommendation concludes that the Eighth Circuit case of *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002) and *Streu v. Dormire*, 557 F.3d 960 (8th Cir. 2009) are not sound authority because they do not take into account the United States Supreme Court's opinions in *Evans v. Chavis*, 546 U.S. 189 (2006) and *Lawrence v. Florida*, 549 U.S. 327 (2007). After taking that position, the Report and Recommendation concludes that Petitioner Williams does not get the benefit of the twenty (20) day period during which he would have, but did not, seek a certificate of probable cause from the South Dakota Supreme Court. Had Mr. Williams been given the benefit of that twenty (20) day period, then his Petition would have been timely filed. The Sixth

and Second Circuits concluded that *Williams* and *Streu* are distinguishable because they did not take into account the Supreme Court opinions of *Evans* and *Lawrence*.

In *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015)(Rehearing En Banc denied 2016), a prisoner had a three week period in which he had an opportunity to file a motion for reconsideration of an order denying leave for further appeal from denial of state collateral relief. The prisoner did not file the motion. The Sixth Circuit held that the time for filing a petition for federal habeas relief was not tolled during that three week period and the petition was dismissed as untimely. In its opinion, the Sixth Circuit at 1097 neatly categorized which circuits did and did not agree with the holding:

> Several of our sister circuits agree. See *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). Most of those that do not agree rely on precedents that predate the Court's delineations of § 2244(d)(2) in *Pace, Carey, Evans,* and *Lawrence. See, e.g. Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n. 4 (3d Cir. 2013) (quoting *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000)); *Santini v. Clements*, 498 Fed. Appx. 807, 809 (10th Cir. 2012) (citing *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004)); *Escalante v. Watson*, 488 Fed.Appx. 694, 702 (4th Cir. 2012) (Davis, J., dissenting) (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)); *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (quoting *Currie v. Matesanz*, 281 F.3d 261, 263 (1st Cir. 2002)); *Streu v. Domire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002)); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001).

*Id.* at 1097.

The briefs in *Streu v. Dormire*, the 2009 Eighth Circuit case, do not cite to either *Evans* or *Lawrence*. If *Streu* is followed by this Court, then the Petition would be timely. If *Evans* or *Lawrence* is followed, the Petition would not be timely. This Court agrees that *Streu* is, without mentioning *Evans* or *Lawrence*, contrary to those opinions in its reliance upon *Williams* from the Eighth Circuit, which predates both *Evans* and *Lawrence*. So, what should a District Court do? Not follow applicable Eighth Circuit precedent as is recommended in the Report and Recommendation or apply Eighth Circuit precedent until that precedent is overruled by the Eighth Circuit sitting en banc, or by the Supreme Court, or by Congress? Both the Eighth Circuit and the Supreme Court

have answered that question. Each Court reserves the prerogative of overruling its own decisions. In *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) the Supreme Court stated:

> We do not suggest that the Court of Appeals on its own authority should have taken the step of renouncing *Wilko*. If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.

*Id.* at 1921.

Likewise in *M.M. ex rel. v. Special School Dist. No. 1*, 512 F.3d 455 (8th Cir. 2008), the Court stated:

> The district court noted but declined to follow our decision in *Renollett*, concluding "that a close reading of *Schaffer* . . . does not support the IDEA's preemption of Minnesota law on this point." *M.M.*, 2006 WL 2571229 at * 15. This was fundamental error. Our decision in *Renollett* is controlling until overruled by our court en banc, by the Supreme Court, or by Congress. Though the district court described our discusion of the issue as "cursory," our opinion in *Renollett* cited the page in *Schaffer* that left the question open, and we then decided the question for the courts of this circuit.

As a result, this Court applies the Eighth Circuit precedent of *Streu, supra*, and the Petition is timely.

## EQUITABLE TOLLING

Even if the Petition was not timely, the Court disagrees with the statement in the Report and Recommendation where it is stated "the Court notes that reading the letter Mr. Williams received from his lawyer referencing the two-year statute of limitations, it is obvious the lawyer is referring to the South Dakota state statute of limitations for state habeas actions." This Court disagrees with that conclusion as the lawyer from the Minnehaha County Public Defender Office stated after telling Petitioner that the Supreme Court of South Dakota had affirmed the sentence imposed by the lower court that "The next step you may want to consider is filing a Writ of Habeas Corpus. You would

need to contact a law office other than the Minnehaha County Public Defender's Office to handle your case if you wish to pursue this action. There is a two year Statute of Limitations on a Habeas action." While it is true that there is a two year statute of limitations on a habeas action under South Dakota state statutes, the Petitioner was in a Minnesota prison where there are no South Dakota statutes. In addition, one clear implication from the above language is that the Minnehaha County Public Defender Office cannot represent the Defendant on a writ of habeas corpus because that would be a federal matter and not handled by the Minnehaha County Public Defender Office. That is the interpretation this Court made of the letter from the County Public Defender.

There are two requirements for equitably tolling the statute of limitations: "'(1) that [petitioner] has been pursuing is rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Here, the Petitioner has pursued his rights diligently. In addition Petitioner received erroneous and misleading legal advice from his lawyer when he was advised that he had two years within which to file his federal habeas petition. Another part of the lawyer's advice in the same letter was that the state public defender could no longer represent petitioner. Accordingly, Petitioner was pro se from that point on. As a result, this is not a case of a lawyer miscalculating a deadline, but instead it is a misinforming miscommunication to a petitioner who is pro se from that point forward. Petitioner has met the two requirements for an equitable tolling of the statute of limitations.

## EXHAUSTION

The inquiry does not end with the above. As the Report and Recommendation points out, the rule of exhaustion requires that the Petitioner first present his habeas claims in state court and allow a complete round of appellate review of those claims before moving on to federal court. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There is no

nonfutile avenue of relief available to Petitioner in South Dakota state court to finish exhausting and as a result this federal petition must be dismissed with prejudice based on the procedural default doctrine. If further review was available for Petitioner in state court, then this court could stay or dismiss this federal petition without prejudice to allow such exhaustion. However, no such review is available in state court and therefore this petition is dismissed with prejudice.

Separately, and in addition to the above, the Petitioner's second and last state habeas case that was dated July 24, 2014, was filed in state court on January 2, 2015, the same day on which the Order of December 30, 2014, was filed by the State Circuit Court which denied the request for a writ of habeas corpus. The state habeas denial was based upon res judicata as the issues raised had previously been adjudicated in Petitioner's successful first habeas corpus which resulted in a resentencing. There are no new claims in the current federal habeas corpus except that Petitioner now raises a new Eighth Amendment claim for cruel and unusual punishment for a 50 year sentence resulting from a first degree murder plea and conviction. That claim was not raised in the last state habeas, nor was the denial of the last state habeas appealed. As a result, Petitioner has procedurally defaulted the only new claim that was raised, that being the Eighth Amendment cruel and unusual punishment claim.

After conducting an independent review of the record, including Petitioner's Objections, Doc. 10, the Court reaches the same result as did the Magistrate Judge in the Report and Recommendation. The result is the same in this decision as in the Report and Recommendation, but the reasons for this Court's dismissal are in some instances different than those stated in the Report and Recommendation.

IT IS ORDERED:

1. That Petitioner's Objections, Doc. 10, are granted to the extent that this Court does find equitable tolling as was claimed by Petitioner, but the remainder of Petitioner's Objections are denied, and the Magistrate Judge's Report and Recommendation, Doc. 9, is not adopted by the Court except to the extent that there are overlapping areas of agreement in the Report and Recommendation and in this Order.

2.  That Petitioner's Application for Writ of Habeas Corpus, Doc. 1, is DISMISSED with prejudice.

3.  That no Certificate of Appealability should issue.

Dated this 29th day of September, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: /s/ Rob Peterson
Deputy